942 F.2d 791
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Enrique FONSECA-MARTINEZ, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70207.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1991.*
Decided Aug. 20, 1991.
 
 Petition for Review from the Board of Immigration Appeals, INS No. Amj-rhe-rfh.
 B.I.A. [Withdrawing, Superseding Opinion on Rehearing, 923 F.2d 861].
 REVIEW DENIED.
 Before SNEED, HUG and NOONAN, Circuit Judges.
 ORDER
 IT IS ORDERED that the petitioners' response to the petition for rehearing be filed. The Government's petition for rehearing is GRANTED. The Memorandum disposition heretofore filed is withdrawn and IT IS ORDERED that the attached Memorandum be filed.
 Before SNEED, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Enrique Fonseca-Martinez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals' (BIA) affirming the Immigration Judge's (IJ) decision ordering him deported to Mexico. Fonseca-Martinez contends he was denied a fair hearing because (1) he was required to proceed without counsel, and (2) he was prevented from representing himself by the IJ's actions. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition.
 
 
 3
 An immigration judge "may grant a motion for continuance for good cause shown." 8 C.F.R. § 3.27 (1988). Although "good cause" is not defined, we have held, in the context of immigration proceedings, that "the decision to grant or deny continuances is in the sound discretion of the trial judge...." Baires v. INS, 865 F.2d 89, 91 (9th Cir.1988) (citing Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985)).
 
 
 4
 In this case, we cannot say that the IJ abused his discretion in denying Fonseca-Martinez' request for continuance. Fonseca-Martinez had already been granted five continuances over a period of seven months. He had obtained counsel of his choice who failed to appear at each continued hearing. In our view, the IJ was quite reasonable and his decision to deny petitioner's sixth request for a continuance was not error.
 
 
 5
 Under 8 C.F.R. § 242.17(a) (1988), an IJ must "inform the respondent [in a deportation hearing] of his apparent eligibility to apply for any of the benefits [of relief from deportation] enumerated in this paragraph and ... afford him an opportunity to make application therefor during the meeting." Fonseca-Martinez contends he is eligible for such relief under 8 U.S.C. § 1182(h) and was not informed of his eligibility.
 
 
 6
 Fonseca-Martinez, however, is statutorily ineligible for relief under section 1182(h). He was convicted of possession with intent to sell 537 grams of heroin. Eligibility for relief under section 1182(h) extends to situations involving violations of illicit possession or trafficking in drugs only if it involves a single offense of simple possession of marijuana of 30 grams or less.
 
 
 7
 PETITION FOR REVIEW IS DENIED.
 
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4